A. B. Hardin v. Emily C. Clark and Husband.

No. 52.

1. **Sale Under a Paid Judgment Void.**—A judgment which has been paid will not support an order of sale or execution, and a sale under it would be a nullity, and a purchaser thereunder would acquire no title to the land by virtue of the sale.

2. **From What Date Adverse Possession Runs.**—Possession taken of land under decree in a partition suit against the administrator of the estate to which it belonged, would not be adverse to the right of the estate to have the land sold under a judgment foreclosing a vendor's lien thereon, prior in date to the partition decree under which the party in possession held; and though limitation might not commence to run in such case until the date of the vendor's lien judgment sale, yet if such sale was invalid and the land was the property of the estate when partitioned and set aside to the possessor, limitation would run from the date of such possession under partition.

3. **Vendor's Lien Not Expressly Retained.**—It did not appear that the notes upon which the judgment was rendered and the land sold were executed for the purchase money of the land, nor were they ever established by allowance and approval as a lien thereon; hence the party in possession under the partition decree did not hold in subordination to a lien for purchase money, and there was nothing to prevent the running of the statute in her favor.

4. **Disabilities, when Unavailing.**—Mrs. Clark went into possession in 1879. The cause of action of the N. G. Campbell heirs accrued at the date of their acquisition of title at administrator's sale, which was confirmed January 19, 1885. They were married women prior to 1879, and parted with their title to one-half the land in 1886, and the other half in 1889, and the plaintiff held under them by regular chain of title. Their cause of action having accrued subsequent to the commencement of the running of the statute in Mrs. Clark's favor, the coverture of the heirs of Campbell is no answer to the plea of limitation.

Appeal from Leon. Tried below before Hon. Norman G. Kittrell.

*Adams & Adams, Gammage & Gammage,* and *J. J. Dotson,* for appellants.—The judgment of partition in this case is conclusive against the parties to the suit, but can not affect the Campbell heirs, from whom

plaintiff deraigns title, because they were at the time claiming rights in the property involved, and were not made parties to the partition suit. Black on Judg., sec. 646; Freem. on Judg., 306–308; Portis v. Hill, 14 Texas, 69–76; Cryer v. Andrews, 11 Texas, 170; Scoby v. Sweatt, 28 Texas, 713; Oliver v. Robertson, 41 Texas, 422; Mayo v. Tudor, 12 S. W. Rep., 117.

*Nunn & Nunn*, for appellees.—1. The partition proceeding and decree in 1879 vested title in the heirs of Amanda Stell and divested the Probate Court of Smith County of any further jurisdiction over the land. Henderson v. Lindley, 75 Texas, 185; Lee v. Henderson, 75 Texas, 190; Lindsay v. Jaffray, 55 Texas, 637.

2. The decree and proceedings thereunder in case of John D. Stell's representative against Burnett & Beavers is nugatory so far as shown by the record; first, because the judgment had been settled and discharged; second, because it was barred by limitation, if not otherwise shown paid; third, because no execution or other lawful authority is shown for a sale under such judgment; fourth, because Burnett & Beavers did not have the title to the land at time of pretended sale, and the property had been treated as reverted to the Stell estate, and held in administration in Smith County as property of J. D. Stell's estate for ten or fifteen years before such pretended sale. Howard v. North, 5 Texas, 306; Sydnor v. Roberts, 13 Texas, 615; Coffee v. Silvan, 15 Texas, 362; Criswell v. Ragsdale, 18 Texas, 444; Fitch v. Boyer, 51 Texas, 346; Riddle v. Bush, 27 Texas, 676.

GARRETT, CHIEF JUSTICE.—Action of trespass to try title for the recovery of 2312 acres of land out of the Roman de la Garza and the Fernando del Valle surveys, in Leon County, brought by the appellant. Defendants disclaimed as to 550 acres of said land, describing the same by metes and bounds, and as to the balance they pleaded not guilty and limitation of three, five, and ten years. W. M. Johnson and wife and others intervened and claimed title for themselves.

Trial was had before the court without a jury, May 14, 1891, and judgment was rendered in favor of the defendants against the plaintiff and intervenors. Plaintiff filed a motion for a new trial, which was overruled, and he now prosecutes this appeal. Intervenors have not appealed.

1. Plaintiff's title is derived from proceedings had in the Probate Court of Smith County, in the estate of John D. Stell, deceased, for the sale of the land in controvery as the property of said estate, for the payment of a claim in favor of the heirs of N. G. Campbell, deceased.

2. On June 4, 1856, John D. Stell bought from Jesse Duren 3013 acres of land in Leon County, on the Trinity River, where he had a farm,

and Duren executed to him a bond in the penal sum of $30,000, obligating himself to convey title as soon as the land could be "surveyed and marked out and correctly designated." The land in controversy is a part of this tract.

3. On November 22, 1859, Jesse Duren conveyed to John D. Stell, by deed filed for record August 1, 1860, and duly recorded in the record of deeds for Leon County, "5000 acres of land in Leon County, Texas, parts of the Roman de la Garza and Fernando del Valle eleven league grants," of which the 3013 acres above mentioned, and the land sued for, is a part. This deed is agreed to be common source. It is not set out in full, and the statement of it in the record does not show what the consideration for the land was, nor that a vendor's lien was reserved to secure the purchase money.

4. John D. Stell sold the 5000 acres conveyed to him by Jesse Duren to J. H. Burnett and John F. Beavers, and conveyed the same to them by his deed, dated June 9, 1862, which was duly recorded in the record of deeds for Leon County. The statement of this deed given in the record does not show whether the purchase money was paid or not, and no vendor's lien is reserved; but it appears from the testimony of John H. Burnett that the purchase money was not paid at the time. The land was sold to Burnett & Beavers at $3 per acre, and they at the same time bought negroes and stock and agricultural implements, making an aggregate of about $50,000, of which $1500 was paid in cash, and the balance was evidenced by nine promissory notes for $5000 each, and one for $3500, from one to ten years after date. Beavers died before 1867, and Burnett became the executor of his will.

5. John D. Stell died October 28, 1862, leaving a will, which was probated in December, 1862, in the Probate Court of Smith County, and letters testamentary were granted to his brother, R. M. Stell, who was appointed executor by the will. Certain bequests were made in the will to the defendant Emily C. Clark and other children; and after providing for the payment of his just debts and said bequests, he provided for the remainder of the estate to be divided equally between his children, including his foster-son, John C. Cox, the son of his last wife, intervenors to take share of their deceased father, James J. Stell. Mrs. Amanda Stell, wife of John D. Stell and mother of defendant Emily C. Clark, died January 17, 1862. She was the second wife of John D. Stell, and it was during his marriage with her that the land before mentioned was bought. The intervenors are the grandchildren of John D. Stell and the children of James J. Stell, a son of the first marriage.

6. On December 12, 1868, Elliott Shackelford, as administrator of N. G. Campbell, deceased, filed an application or petition in the Probate Court of Smith County, in the estate of John D. Stell, alleging that he was the legal holder and owner of a claim against the estate of John D.

Stell, deceased, founded on two promissory notes executed by said John D. Stell, payable to Jesse Duren or bearer, dated June 4, 1856, due March 1, 1860 and 1861 respectively, which had been allowed by Robert M. Stell, the executor, on May 31, 1866, and approved by the chief justice of Smith County, and then amounted to the sum of $4112, principal and interest; that by reason of the approval of said claim it was established as a valid claim against said estate; and prayed that the administrator be ordered to pay the same.

On July 26, 1869, R. M. Stell, the executor, filed an amended answer to said application, in which it was alleged, that Shackelford was not and never had been the owner of said notes, either in his own right or as administrator of the estate of N. G. Campbell, deceased; that the notes belonged to the estate of Jesse Duren, deceased, and were in the possession of Donley & Anderson, attorneys at law, for collection for the Duren estate, and had been fully paid off and satisfied, and were not a valid claim against the estate of John D. Stell.

On the same day he filed an exhibit, in which, among other property, he returned as belonging to the estate about 4000 acres of land in Leon County, worth about $15,000; no money on hand; and valued assets of estate in his hands at $25,750. Said exhibit admits the acceptance and approval of the claim described in the application of Shackelford, but claimed that there should have been a credit thereon of $3000 in Confederate money, paid to Donley & Anderson, attorneys for W. H. Cundiff, administrator of the estate of Jesse Duren, deceased; also for a note of $150 against Jesse Duren; and finally settlement thereof with Duren's administrator.

On hearing the application of Elliott Shackelford for an order requiring the executor to pay said claim, the court rendered judgment on July 29, 1869, that the plaintiff take nothing by his suit, and that it be dismissed at plaintiff's cost. Plaintiff excepted and gave notice of appeal to the District Court of Smith County. The judgment recites facts in support of the conclusion of the court, that the administrator had in evidence a receipt from Duren's administrator showing payment of the notes to Cundiff, administrator of Duren, and an order on Donley & Anderson, attorneys, from Cundiff for the notes constituting the claim; and also payment in the way of other notes to Donley & Anderson, which were accepted as part payment; and also probate of the claim by Cundiff, Duren's administrator, showing that the notes belonged to Duren's estate, and not to plaintiff. The court thereupon concluded that the possession of the claim was not sufficient evidence of ownership.

The only further action, except the orders of continuance, that appears to have been taken in the matter of the application of Elliott Shackelford against R. M. Stell, for the payment of said claim, is the following entry on the minutes of the District Court of Smith County:

"*E. Shackelford, Administrator, v. R. M. Stell, Administrator.*—Order of District Court, Smith County, Texas.—The appealed case of E. Shackelford v. R. M. Stell, No. 1577, to the Probate Docket."

Order made and dated July 28, 1873.

7. On the 7th day of December, 1870, B. F. Clark, the husband of the defendant Emily C. Clark, was appointed administrator of the estate of John D. Stell, deceased, with the will annexed.

8. On December 19, 1873, an order was made by the District Court of Smith County, in the succession of John D. Stell, deceased, in the matter of the petition of E. Shackelford, administrator of the estate of N. G. Campbell, deceased, for an order to sell land, requiring B. F. Clark, administrator of said estate, to sell 2000 acres of land, to be selected by him out of the survey lying in Leon County, known as the land granted to Roman de la Garza, and inventoried in said succession. The order recited that a necessity for said sale existed to pay the established indebtedness of the estate; and the administrator was ordered to report at the next term of the court.

9. The sale appears to have been made and reported to the court, for on September 25, 1874, there was an order of the court, made by consent of parties, setting aside the sale, as shown in the report of sale filed September 23, 1874.

10. On June 30, 1876, the administration of the said estate was transferred to the County Court by a general order of the District Court.

11. The heirs of Amanda Stell brought a suit in the District Court of Smith County, styled No. 2160, John C. Cox et al. v. B. F. Clark, administrator, et al., for the partition of 4460 acres of land in Leon County, Texas, belonging to the John D. Stell estate, and by decree of court, March 13, 1879, 2312 acres was set apart to them, being the same land described in plaintiff's petition, and in controversy in this suit. The defendants in said partition suit were the heirs of John D. Stell by his first wife, and John H. Burnett. The memorandum decree in the record does not show whether or not Burnett was sued also in his capacity as executor of the will of Beavers. It states that suit was also against creditors of said estate, but no names of creditors are given.

12. Defendant Emily C. Clark entered into possession in the year 1879 of the 2312 acres above mentioned as having been set apart to the heirs of Amanda Stell by the decree of partition in the District Court of Smith County, and claimed the entire tract, except the 550 acres, as to which she disclaimed, having bought out the interests of her cotenants with her separate money, and paid taxes thereon every year from 1880 up to the time of the trial, and had held continuous possession thereof ever since 1879, holding and claiming it in her own separate right.

13. On April 5, 1880, A. J. Swan qualified as administrator of the said estate of John D. Stell, deceased.

14. R. M. Stell, executor of the will of John D. Stell, brought suit in the District Court of Houston County against John H. Burnett, in his individual capacity and as executor of the will of John F. Beavers, deceased, on the notes executed for the property, including the land in Leon County, 5000 acres, purchased by Burnett & Beavers from John D. Stell; and on April 1, 1867, judgment was rendered in favor of said R. M. Stell as executor of John D. Stell, by confession, for the sum of $28,-205, with foreclosure of the vendor's lien on the land conveyed to Burnett & Beavers.

15. Certified copies of returns of sheriff of Leon County on orders of sale issued on said judgment, August 1, 1881, and October 26, 1881, were put in evidence, which showed: (1) Return on order of sale issued August 1, 1881, returnable September 1, 1881, by order of A. J. Swan, administrator de bonis non of the estate of John D. Stell, deceased, upon suit of R. M. Stell, executor, v. John H. Burnett, executor, shows that the writ came to hand August 5, 1881, and was executed August 6, 1881, by levying on the land described in the judgment, and was returned for want of time to execute the same. (2) Return on order of sale issued October 26, 1881, returnable to the next term of the District Court of Houston County, shows that same came to the hands of the sheriff of Leon County on November 18, 1881, and was levied on said land, which was advertised for sale on Tuesday, December 6, 1881, and that said land was sold to A. J. Swan, administrator, for use of estate of John D. Stell, deceased, for the sum of $1000. Neither of the above mentioned writs were put in evidence.

16. J. N. Black, sheriff of Leon County, executed deed to A. J. Swan for the land, in accordance with sale as shown above, dated December 6, 1881, which was properly acknowledged and recorded.

17. On February 1, 1883, N. Campbell and others, as the only heirs at law of N. G. Campbell, filed an application in the County Court of Smith County in the estate of John D. Stell, deceased, praying for an order of sale to sell lands belonging to said estate situated in Leon County, to satisfy two notes held by them, executed by John D. Stell to Jesse Duren, for the sum of $2000 each, dated June 4, 1856, payable to Jesse Duren or bearer on the 1st day of March, 1860 and 1861, respectively, with two credits endorsed by Jesse Duren, viz., November 22, 1859, $521, and January 4, 1864, $1000. They alleged that the claim for said notes was presented to R. M. Stell, as executor, for his acceptance thereof, on May 13, 1866, and that it was accepted, less a further credit of $324.34, leaving a balance due them of $3410.62; that on May 8, 1867, said claim was approved by the county judge for the amount allowed by the executor; that said notes were given for a part of the purchase money of the land in Leon County, 5000 acres, which was fully described, and prayed for an order to sell the same.

18. On May 12, 1884, the County Court of Smith County entered an order decreeing the sale of said land and the application of the proceeds of the sale to the payment of said claim, and that the administrator make report to the next term of the court. An order renewing said order of sale was made August 18, 1884.

19. A report of sale of said land was filed in said estate January 1, 1885, and order confirming the same was made January 19, 1885. The sale was shown to have been made on the first Tuesday in November, 1884, and the heirs, N. Campbell and others, became the purchasers.

20. The administrator, A. J. Swan, executed a deed in conformity with the order of the court for the land, 5000 acres, in consideration of the bid, $1300, to Mary Ann Crow, Emeline Chancellor, Delilah Boles, H. N. Campbell, Amanda Nichols, N. Campbell, and E. Campbell. Said deed was dated April 30, 1885, and conveyed the land above mentioned, being the same described in the deed from Duren to Stell in the judgment in Stell against Burnett, and in the application for sale and in the orders of the court directing and confirming sale.

21. A regular chain of title was shown from the grantees in the administrator's deed conveying the land to the plaintiff, A. B. Hardin.

22. Mary Ann Crow, Emeline Chancellor, Delilah Boles, and Amanda Nichols were married women and under coverture from sometime before the defendant, Mrs. Clark, took possession of the land in 1879 until after their sale thereof. They sold, joined by their cotenants, first, an undivided one-half of the land on September 22, 1886, to John L. Henry, H. G. Robertson, and N. W. Finley; and afterwards, on July 18, 1889, by their attorney in fact, E. Campbell, and joined by Henry, Robertson, and Finley, who conveyed their one-half, they sold their remaining interest to plaintiff, A. B. Hardin.

23. It was not shown when or how N. G. Campbell came into possession of the claim for the payment of which the land was sold. It was never established by the court as a lien on the land.

24. It was shown that the defendant, Emily C. Clark, and other devisees and legatees in the will of John D. Stell, accepted the provision made for them in the will.

25. The judgment in favor of R. M. Stell, executor of the will of John D. Stell, deceased, against John H. Burnett, rendered in the District Court of Houston County, April 1, 1867, foreclosing a lien on the 5000 acres of land purchased by Burnett & Beavers from John D. Stell, was settled about December, 1868, and the land was reconveyed by Burnett to the executor of R. M. Stell.

*Conclusions of Law.*—1. Since the judgment in favor of R. M. Stell, executor, against John H. Burnett, foreclosing the vendor's lien on the land, had been already settled, it would not support an order of sale or

execution, and the sale by the sheriff of Leon County and his deed to A. J. Swan as the administrator of the estate of John D. Stell, deceased, were nullities; and said estate would have acquired no title to the land by virtue of said sale, even if an execution had been shown by which the sheriff was authorized to make the sale.

2. Whether or not the defendant Emily C. Clark acquired a valid title as against the creditors of the estate of John D. Stell, by the judgment in the suit brought by her and other heirs of her mother Amanda Stell, deceased, against B. F. Clark, the administrator, and John H. Burnett and the heirs of John D. Stell by his first wife, it is not necessary to inquire, for she had a judgment against the administrator for the land, and took possession thereof, claiming the same adversely to the estate, and her title to the land became perfect by the statute of ten years limitation.

3. Mrs. Clark's possession of the land might not have been considered adverse to the right of the estate to have the land sold under the judgment in favor of the estate against Burnett, foreclosing the vendor's lien thereon; and if such sale had been valid, limitation might not have commenced to run until from the date of the sale, but as such sale was invalid, and said land was the property of the estate at the time it was set apart to the defendant in the partition suit, limitation commenced to run from the time that Mrs. Clark entered into possession, which was in 1879, soon after the partition had been made.

4. The claim for the payment of which the land was sold was never established as a lien thereon, and it was not shown that the notes upon which it was founded were ever executed for the purchase money, as contended by appellant; hence Mrs. Clark did not hold the land in subordination to a lien for the payment of the claim, and there was nothing to prevent the running of the statute in her favor.

5. Whatever cause of action the heirs of N. G. Campbell may have had for the land in controversy only accrued at the date of the acquisition of their title at the administrator's sale, which was made on the first Tuesday in November, 1884, and confirmed January 19, 1885, and the deed executed April 30, 1885. Mrs. Clark was in possession then, and the cause of action having accrued subsequent to the commencement of the running of the statute in her favor, the coverture of the heirs who were married is no answer to proof of limitation.

The judgment of the court below will be affirmed.

*Affirmed.*

Delivered December 22, 1892.